IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLIE JOE CHAPMAN,<br><br>                 Plaintiff,<br><br>vs.<br><br>KLAUS HARTMANN, M.D. in Official and/or individual Capacity; and LINCOLN REGIONAL CENTER, in Official and/or indiviual Capacity;<br><br>                 Defendants. | **8:17CV460**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff Billie Joe Chapman ("Chapman") has filed what the court construes as a Motion for Reconsideration and a Notice of Change of Address. ([Filing No. 12](#).) *See* [Fed.R.Civ.P. 59(e)](#) (motion to alter or amend judgment permitted if filed no later than 28 days after the entry of judgment); [Fed.R.Civ.P. 60(b)(6)](#) ("[T]he court may relieve a party or its legal representative from a final judgment [or] order," for any "reason that justifies relief.").

      On February 6, 2018, the court dismissed this case without prejudice due to Chapman's failure to update his address within the time ordered by the court and his failure to comply with this court's orders. ([Filing No. 9](#).) In the Memorandum and Order dismissing this case, the court noted that a copy of the court's order requiring Chapman to update his address ([Filing No. 6](#)) had been mailed to the Lincoln Regional Center ("LRC"), where Chapman indicated he might be moved, and his last known address. (*See* [Filing No. 9](#), n.1.) In his present motion, Chapman indicates his address is at the LRC, but he appears to claim, liberally construed, that he did not receive notice of the court's order requiring him to update his address.

Chapman is obligated to keep the court informed of his current address at all times, regardless of any notice he does or does not receive from the court. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). Even if the court were to excuse Chapman's failure to timely update his address, his motion for reconsideration still fails because Chapman has not demonstrated good cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g).

On December 15, 2017, the court ordered Chapman to show cause why he is entitled to proceed in forma pauperis in this action. (*See* Filing No. 5.) The court has previously determined that three or more federal court cases brought by Chapman, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See Chapman v. Chief Executive Officer*, Case No. 8:15CV259 (D.Neb.) (Filing No. 9, August 19, 2015 Memorandum and Order dismissing action pursuant to PLRA's "three strikes" provision). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Chapman's present motion for reconsideration does not respond to the court's order to show cause, but rather the motion merely contains an updated copy of the Complaint with newly attached exhibits. Nothing in the Complaint suggests that Chapman is in imminent danger of serious physical injury. Chapman alludes to the possibility of forced medication by LRC, but this harm is speculative at best and the court previously found such allegations insufficient to demonstrate imminent danger of serious physical injury in another recent case filed by Chapman. (*See* Filing No. 13, Case No. 8:17CV425). The court notes that Chapman filed a response to a "three strikes" order to show cause in one of his other civil cases, Case No. 8:17CV465, during the time frame in which he was required to show cause in the present case. (*See* Filing No. 12, Case No. 8:17CV465.) Even if the court were to consider that response for purposes of this case, it would fail to support a finding that Chapman is under imminent danger of

serious physical injury as required by 28 U.S.C. § 1915(g). (*See* Filing No. 15, Case No. 8:17CV465.) Accordingly,

IT IS THEREOFRE ORDERED that Chapman's Motion for Reconsideration (Filing No. 12) is denied.

Dated this 8th day of March, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge